UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAUNTE BYRD, | ) | CASE NO. 1:11 CV 1711 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| STATE OF OHIO, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On August 16, 2011, Plaintiff *pro se* Daunte Byrd, an inmate at the Cuyahoga County Jail, filed this 42 U.S.C. § 1983 against the State of Ohio. The Complaint alleges Plaintiff was arrested on July 13, 2011. He had an initial appearance on July 25, 2011, but "was denied his preliminary hearing and indicted without being allowed to appear and defend in person and with counsel; to review the evidence against him, to demand the nature and cause of the accusations against him, to meet witnesses face to face, and to have compulsory process to procure the attendance of witnesses on his behalf in violation of due process of the 14th Amendment of the Constitution of the United States." (ECF Doc 1). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000)

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either

direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. The purpose of a preliminary hearing is to determine whether sufficient facts exist to allow the court to bind the accused over to the gand jury. *State v. Wigglesworth*, 18 Ohio St.2d 171, 174(1969). There is no constitutional right to a preliminary hearing, however, when an indictment is returned. *Zaffino v. Konteh*, 2006 WIL 2360902 * 4 (N.D.Ohio, Aug. 15, 2006); *State ex rel. Pena v. Konteh*, 2007 WL 2216967 *1 (Ohio App. 6th Dist., Aug. 1, 2007). Further, to the extent Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973)

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Donald C. Nugent, USDJ 11/07/11
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE